IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN MARIE KREBS, | ) |
|     Appellant, | ) |
| | ) Civil Action No. 06-66 Erie |
| | ) Bankruptcy No. 02-12963 |
| v. | ) |
| GARY V. SKIBA, TRUSTEE, | ) |
|     Appellee. | ) |

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J.

      This is an appeal by Debtor Susan Marie Krebs ("Krebs") from the Bankruptcy Court's order dated March 3, 2006. Krebs filed a Chapter 7 bankruptcy in 2005 and, among her assets, listed an IRA account with a balance of $43,571.96. Citing the United States Supreme Court's opinion in Rousey v. Jacoway, 125 S.Ct. 561 (2005), Krebs attempted to exempt the balance of the IRA under § 522(d)(10)(E). The Bankruptcy Court, relying upon Clark v. O'Neill (In Re Clark), 711 F.2d 21, 23 (3rd Cir. 1983), as well as this Court's opinions in Skiba v. Auman (In re Auman), 2006 WL 278153 (W.D. Pa. 2006), and Ruetzel v. Roeder (In re Ruetzel), No. 05-300 Erie (W.D. Pa. Feb 13, 2006), denied the exemption. In the instant appeal, Krebs argues that In re Clark has been overruled by Rousey and that, therefore, her IRA should be exempted.

      We recently addressed this precise issue in In re Auman, wherein we concluded that In re Clark has not been superceded by Rousey. For the reasons stated in that opinion, we again conclude that In re Clark remains binding.[1] Therefore, Krebs' IRA account, which she is not yet eligible to draw payments from, cannot be exempted under § 522(d)(10)(E).

---

[1] We are aware that a Pennsylvania district court recently arrived at the opposite conclusion on this issue, see In Re Wiggins, 2006 WL 1094569 (M.D. Pa. 2006), but, after consideration of the discussion therein, we remain unpersuaded that In re Clark has been superceded by Rousey.

1

Krebs also argues that her IRA account, even if not exempted under § 522(d)(10)(E), may be excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2). Krebs relies upon Patterson v. Shumate, 504 U.S. 573 (1992), wherein the United States Supreme Court held that a debtor could exclude an interest in a plan or trust from their bankruptcy estate if it contained an anti-alienation provision that was enforceable under non-bankruptcy law. However, in Orr v. Yuhas (In re Yuhas), 104 F.3d 612 (3rd Cir. 1997), the Third Circuit, interpreting Patterson, held that an IRA "must constitute a 'trust'" in order to be excludable. We recently examined this issue in Skiba v. Gould (In re Gould), 337 B.R. 71 (W.D. Pa. 2005), concluding that only a debtor's beneficial interest in a *trust* may be excluded from the bankruptcy estate pursuant to § 541(c)(2). Here, Krebs IRA account is in the form of an annuity, rather than a trust. Thus, for the reasons stated in In re Gould, we reject her contention that her IRA is excludable under § 541(c)(2).

Thus, we conclude that the bankruptcy court correctly applied the appropriate law to the facts of this case. Accordingly, the bankruptcy court's decision is **AFFIRMED** and this case is **REMANDED** for entry of an order consistent with this opinion.

An appropriate Order follows.

| | |
|---|---|
| SUSAN MARIE KREBS,          )<br>                                                       )<br>         Appellant,                        )<br>                                                       )<br>                                                       )   Civil Action No. 06-66 Erie<br>                                                       )<br>                                                       )   Bankruptcy No. 02-12963<br>                                                       )<br>         v.                                         )<br>                                                       )<br>GARY V. SKIBA, TRUSTEE,     )<br>                                                       )<br>         Appellee.                        ) | |

# **O R D E R**

   AND NOW, this 10th day of May, 2006, for the reasons set forth in the accompanying Memorandum Opinion,

   IT IS HEREBY ORDERED that the Bankruptcy Court's Order of May 3, 2006 is AFFIRMED and REMANDED for proceedings consistent with this opinion.


                                                                    /s/ Sean J. McLaughlin
                                                                    United States District Judge


cm:  All counsel of record.___

3